Keith A. Kelly (4748)
Caleb J. Frischknecht (11648)
**RAY QUINNEY & NEBEKER P.C.**
36 South State Street, Suite 1400
P.O. Box 45385
Salt Lake City, Utah  84145-0385
 Telephone:  (801) 532-1500
 Facsimile:  (801) 532-7542

Attorneys for Defendant Bass & Associates, P.C.

IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| HAILEY CALHOUN and NANETTE CALHOUN, | **ANSWER OF DEFENDANT BASS & ASSOCIATES, P.C.** |
| Plaintiffs, | |
| v. | Case No. 2:09-CV-664 |
| BASS & ASSOCIATES, P.C., | Judge Dale A. Kimball |
| Defendant. | |

Defendant Bass & Associates, P.C. ("Defendant") responds to the Complaint of Hailey Calhoun and Nanette Calhoun ("Plaintiffs") as follows:

<u>FIRST DEFENSE</u>

Plaintiffs' Complaint fails to state a claim upon which relief can be granted.

<u>SECOND DEFENSE</u>

1. Defendant denies the allegations contained in Paragraph 1 of the Complaint and submits that jurisdiction is proper in the U.S. District Court for the District of Utah pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 and 15 U.S.C. § 1692 *et seq.*

2. Defendant denies the allegations contained in Paragraph 2 of the Complaint and submits that jurisdiction is proper in the U.S. District Court for the District of Utah pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 and 15 U.S.C. § 1692 *et seq.*

3. Defendant denies the allegations contained in Paragraph 3 of the Complaint and submits that jurisdiction is proper in the U.S. District Court for the District of Utah pursuant to 28 U.S.C. §§ 1331, 1441, and 1446 and 15 U.S.C. § 1692 *et seq.*

4. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 4 of the Complaint and therefore denies the same.

5. Defendant lacks knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 5 of the Complaint and therefore denies the same.

6. Responding to the allegations of paragraph 6, Defendant denies that it is a collection agency and denies that it is doing business in the State of Utah, but Defendant admits the remainder of the allegations contained in Paragraph 6 of the Complaint.

7. Defendant admits the allegations contained in Paragraph 7 of the Complaint.

8. Defendant admits the allegations contained in Paragraph 8 of the Complaint.

9. Responding to the allegations of paragraph 9, Defendant admits that it sent a facsimile to Plaintiff Hailey Calhoun on April 14, 2009, but Defendant denies the remainder of the allegations contained in Paragraph 9 of the Complaint. Defendant specifically denies that it owns the debt or ever represented that it owns the debt.

10. Defendant admits the allegations contained in Paragraph 10 of the Complaint.

11. Defendant admits the allegations contained in Paragraph 11 of the Complaint.

12. Defendant denies the allegations contained in Paragraph 12 of the Complaint and specifically denies that it failed to "properly" respond.

13. Responding to the allegations of paragraph 13, Defendant admits that it has no records showing that it owns the debt, as it does not own the debt, nor has it ever claimed to own the debt.  Defendant denies the remaining allegations contained in Paragraph 13 of the Complaint.

14. Paragraph 14 of the Complaint states a legal conclusion and requires no responsive pleading.  To the extent that paragraph 14 purports to allege factual matters, those matters are denied.

15. Responding to the allegations of paragraph 15, Defendant incorporates by reference its responses to all of the allegations of the Complaint.

16. Defendant denies the allegations contained in Paragraph 16 of the Complaint.

17. Defendant denies the allegations contained in Paragraph 17 of the Complaint.

18. Defendant denies the allegations contained in Paragraph 18 of the Complaint and specifically denies that Plaintiffs suffered damages of any kind.

19. Defendant denies the allegations contained in Paragraph 19 of the Complaint.

20. Responding to the allegations of paragraph 20, Defendant incorporates by reference its responses to all of the allegations of the Complaint.

21. Paragraph 21 states a legal conclusion to which no responsive pleading is required.  To the extent that paragraph 21 purports to allege factual matters, those matters are denied.

22. Paragraph 22 states a legal conclusion to which no responsive pleading is required.  To the extent that paragraph 22 purports to allege factual matters, those matters are denied.

23. Paragraph 23 states a legal conclusion to which no responsive pleading is required. To the extent that paragraph 23 purports to allege factual matters, those matters are denied.

24. Defendant denies the allegations contained in Paragraph 24 of the Complaint and specifically denies that Plaintiffs suffered damages of any kind.

25. Defendant denies the allegations contained in Paragraph 25 of the Complaint.

26. Responding to the allegations of paragraph 26, Defendant incorporates by reference its responses to all of the allegations of the Complaint.

27. Defendant denies that Plaintiffs are entitled to the declaratory relief sought in Paragraph 27 of the Complaint, or to any relief whatsoever.

28. Defendant denies that Plaintiffs are entitled to any of the relief prayed for in their Complaint, or to any relief whatsoever.

29. Defendant denies each and every allegation not specifically admitted herein.

## THIRD DEFENSE

To the extent that Defendant is found to have acted improperly, such actions were not intentional and resulted from a bona fide error notwithstanding the maintenance of procedures reasonably adapted to avoid such error, and thus Defendant may not be held liable pursuant to 15 U.S.C. § 1692k(c).

## FOURTH DEFENSE

Plaintiffs are estopped from pursuing the claims stated in the Complaint.

## FIFTH DEFENSE

Plaintiffs by their actions waived the claims alleged by the Complaint.

### SIXTH DEFENSE

To the extent the Complaint seeks to make Defendant liable for punitive damages, Defendant adopts by reference the defenses, criteria, limitations, standards, and constitutional protections mandated or provided by the United States Supreme Court in *BMW of North America, Inc. v. Gore*, 517 U.S. 559 (1996), *Cooper Industries, Inc. v. Leatherman Tool Group, Inc.*, 532 U.S. 923 (2001), *State Farm Mutual Automobile Insurance Company v. Campbell*, 538 U.S. 408 (2003), and *Phillip Morris USA v. Williams*, 549 U.S. 346 (2007).

### SEVENTH DEFENSE

Imposition of punitive damages against Defendant would contravene the Commerce Clause of the United States Constitution in that such an award would constitute, if imposed, an undue and unreasonable burden on interstate commerce.

### EIGHTH DEFENSE

If any breaches, deficiencies or violations were found based upon alleged failures of Defendant, such alleged failures resulted from matters reasonably beyond the control of Defendant.

### NINTH DEFENSE

To the extent that Plaintiffs suffered damages (which Defendant denies) such damages were caused in whole or in part by Plaintiffs' actions.

### TENTH DEFENSE

Plaintiffs' claims are barred by the doctrine of unclean hands.

### ELEVENTH DEFENSE

Plaintiffs' claims are barred by reason of their own acts or omissions, negligence or fault,

misrepresentations, actions, inaction, and breaches.

## TWELFTH DEFENSE

Plaintiffs failed to mitigate any damages that might be shown.  Plaintiffs are thereby barred in whole or in part from recovering damages from Defendant.

## THIRTEENTH DEFENSE

This action is without merit, and is brought in bad faith and for the purpose of harassment.  Thus, Defendant is entitled to its attorneys' fees, reasonable in relation to the work expended, and costs, under 15 U.S.C. § 1692k(a)(3), 28 U.S.C. § 1927, Utah Code § 78B-5-825, and Fed. R. Civ. P. 11.

## FOURTEENTH DEFENSE

The facts alleged do not support a claim for violation of the Utah Consumer Sales Practices Act.

## FIFTEENTH DEFENSE

No punitive damages may be awarded in this case because there was no intentional, outrageous or malicious misconduct by Defendant, and no alleged act or omission of Defendant was done with reckless indifference or reckless disregard to any right of Plaintiffs.

## SIXTEENTH DEFENSE

Plaintiffs' punitive damage claims are barred by the United States Constitution and amendments thereto, including:  Article I, Section 10[1] (Contracts Clause); Fifth Amendment (Due Process); Eighth Amendment (Cruel and Unusual Punishment; Excessive Fines); and Fourteenth Amendment (Due Process and Equal Protection).  Plaintiff's punitive damages claims are also barred by the Constitution of Utah, including Article I, Section 7 (Due Process), Section

9 (Excessive Fines; Cruel and Unusual Punishment), and Section 12 (Self-Incrimination).

<u>SEVENTEENTH DEFENSE</u>

As a matter of law, punitive damages may not be awarded in this case because any outrageous or malicious conduct is expressly denied, and any such conduct is likely to be deterred by other means.

**WHEREFORE,** Defendant prays for judgment dismissing Plaintiffs' Complaint, awarding Defendant costs of Court, reasonable attorneys' fees, and such other and further relief as the Court deems just.

DATED this 5th day of August, 2009.

          RAY, QUINNEY & NEBEKER P.C.

           /s/ Caleb J. Frischknecht
          Keith A. Kelly
          Caleb J. Frischknecht
          Attorneys for Defendant Bass & Associates, P.C.

## CERTIFICATE OF SERVICE

I hereby certify that on the 5th day of August, 2009, I electronically filed the foregoing **ANSWER OF DEFENDANT BASS & ASSOCIATES, P.C.** with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

>Larry G. Reed
>2159 South 700 East, #240
>Salt Lake City, Utah 84106
>Attorney for Plaintiffs Hailey Calhoun and Nanette Calhoun

                                                     /s/ Caleb J. Frischknecht

1045393v2